IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HASKELL EUGENE WILLIAMS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) **Case No. CIV 05-193-FHS** |
| **MARTY SIRMONS,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus. Respondent has filed a response arguing Petitioner is not entitled to relief. Petitioner is an inmate currently incarcerated at MACC in Stringtown, Oklahoma where he is currently serving a 20 year sentence for Conspiracy to Commit Felony and Manufacturing a Controlled Dangerous Substance, After Former Conviction of a Felony. He challenges the execution of his sentence pursuant to 28 U.S.C. § 2254.

Petitioner has submitted the following grounds for relief:

> Petitioner's Due Process rights afforded by the Fourteenth Amendment to the United States Constitution were violated when he was not allowed to present witnesses, documentary and photographic evidence, not given staff representation as afforded by the Department of Corrections guidelines, and the rule violated was a rule and not a law, and no evidence Petitioner violated the rule as written on misconduct.

Respondent argues the Petition must be denied as the Petitioner received due process and the prison internal management procedures do not confer any rights on the Petitioner.

1

**Facts**

Petitioner received a copy of a disciplinary report on September 4, 2003, for the offense of Law violation. (Exhibit 2, page 1). The misconduct report was issued after a state employee at the prison observed the Petitioner in an asbestos containment area without the required protective equipment in violation of OAC 380:50-15-2 ( C) on August 29, 2003. (Exhibit 2, pages 1, 10 and 11). During the investigation the inmate did not request any witnesses or offer any documentary evidence and gave the investigator a written statement which was presented to the hearing officer. (Exhibit 2 pages 2 and 4). After the investigation was completed a hearing was held on September 5, 2003, with the Petitioner present at the hearing. (Exhibit 2 page 13). The hearing officer found the Petitioner guilty and imposed discipline which was reviewed and approved. (Exhibit 2 page 13). Petitioner filed an appeal to the warden and director and relief was denied. (Exhibit 3).

Arguments and Authorities

Petitioner is basically arguing that he was not afforded due process in his disciplinary hearing. The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours advance written notice of the claimed violation; unless good cause exits, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary

sanctions within a correctional facility. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985). Petitioner received a written copy of a disciplinary report on September 4, 2003. On September 5, 2003, a hearing was held. Petitioner was present at the hearing. Previous to the hearing, the Petitioner had the opportunity to present witnesses and evidence to the hearing officer, but he did not. Finally, the Petitioner was presented a written statement by the fact finders giving the evidence upon which they relied and the reasons for the disciplinary action taken. A review of the record indicates the requirements of <u>Wolff</u> were met in Petitoner's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion which resulted from the disciplinary hearing.

Petitioner also argues that his constitutional rights were violated when he was not assigned a staff representative pursuant to prison guidelines. This argument is without merit because prison regulations governing purely procedural matters do not create constitutional rights. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250-51 (1983).

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 14th day of December 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3